827 F.2d 769
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Paul GYUGO, Petitioner-Appellant,
v.
SHERIFF, COUNTY OF STARK, et al., Respondent-Appellee.
 No. 87-3110
 United States Court of Appeals, Sixth Circuit.
 August 24, 1987.
 
 On Appeal from the United States District Court for the Northern District of Ohio.
 Before ENGEL, MERRITT and KRUPANSKY, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 A single appellate issue is presented in this habeas corpus case from Ohio: Did the state trial court commit constitutional error in violation of the petitioner's rights under the due process clause when the trial court allowed a co-defendant to invoke his privilege of self-incrimination even though the co-defendant had previously pled guilty and made certain out-of-court statements that could be interpreted as incriminating as to the co-defendant but exculpatory as to the petitioner. No issue is raised before us under the confrontation clause, and we only address the due process issue.
 
 
 2
 For the reasons suggested by District Judge Lambros, the state trial court's ruling--that the co-defendant had not waived or otherwise lost his privilege of self-incrimination under the Fifth Amendment--does not violate the due process rights of petitioner, even if the state trial court erred in its interpretation of the requirements of waiver. Petitioner has not cited case authority nor a coherent theory of law supporting its argument that a judicial ruling allowing one defendant to invoke the privilege of self-incrimination violates the due process rights of another defendant.
 
 
 3
 Accordingly, the judgment entered by District Judge Lambros is affirmed.